UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jeffrey Hall,

      Plaintiff,

          v.                           Civil Action No. 2:17–cv–139–wks–jmc

Andrew Cassidy,
Our House Restaurant,

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION
(Docs. 1, 1-1)

Plaintiff Jeffrey Hall, an inmate proceeding *pro se*, seeks to file a complaint against Defendants Andrew Cassidy and Our House Restaurant (Our House), and has requested leave to proceed *in forma pauperis*. (Docs. 1, 1-1.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fees for commencing a legal action. 28 U.S.C. § 1915(a)(1). Hall has submitted an affidavit that makes the proper showing under § 1915(a) and accordingly, the request to proceed *in forma pauperis* (Doc. 1) is GRANTED. For the reasons set forth below, however, I recommend that Hall's Complaint (Doc. 1-1) be DISMISSED.

## Analysis

Hall alleges that Andrew Cassidy "attack[ed] [and] assault[ed]" him, while Cassidy was employed at Our House. (Doc. 1-1 at 2.) Hall claims that during the attack Cassidy stole several items from him, beat him, threw him over a fence, and stabbed him

with a screwdriver, and that Hall was experiencing a mental health episode at the time. (*Id.* at 3–4.) For relief, Hall seeks damages in the amounts of $30,900 from Cassidy and $100,000 from Our House. (*Id.* at 5.)

*Pro se* filings are "to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nevertheless, a district court may dismiss an *in forma pauperis* matter upon determining that the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 USC § 1915(e)(2)(B).

Moreover, federal courts "have an independent obligation to consider the presence or absence of subject[-]matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are only granted jurisdiction over the two types of cases set forth in 28 U.S.C. §§ 1331 and 1332. "[T]he party asserting federal jurisdiction bears the burden of establishing jurisdiction" under one of these provisions. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Alternatively, § 1332 requires (in relevant part) that the amount in controversy in the case exceeds $75,000 and that the matter is "between . . . citizens of different States." 28 U.S.C. § 1332(a). The statute

2

calls for "complete diversity of citizenship," meaning each defendant must be "a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis omitted).

Applied here, Hall only asserts state law claims—assault and battery—and thus the Court lacks jurisdiction under § 1331. (*See* Doc. 1-1 at 2.) Hall also cannot invoke jurisdiction under § 1332 because from the present record, Hall and both Defendants appear to be Vermont citizens. Hall is an inmate at Northwest State Correctional Facility in Swanton, Vermont, and resided in Winooski at the time of the alleged attack. (*See* Doc. 1-1 at 1, 4.) Hall has provided the Our House business address in Winooski for both Defendants, and does not allege that Cassidy or Our House are citizens of a different state. (*Id.* at 1.) Accordingly, the Court lacks subject-matter jurisdiction over Hall's Complaint (Doc. 1-1) and it should be DISMISSED. *See generally Porter v. Bonsteel*, No. 1:15–cv–155– jgm, 2015 WL 4162756, at *1–2 (D. Vt. July 8, 2015).

In general, district courts should not dismiss *pro se* complaints without granting leave to amend at least once, *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002), unless "amendment would be futile," *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). *See also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a "futile request to replead," even by a *pro se* litigant, "should be denied"). Amendment is futile when the cause of action is substantively flawed and better pleading will not cure its defects. *Id.* at 112; *see also Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990). Here, "[b]ecause the current record is incomplete, the Court cannot conclude that granting leave to amend would be futile." *Porter*, 2015 WL 4162756, at *2.

3

Accordingly, I recommend that Hall's complaint be DISMISSED without prejudice, and that Hall be granted 30 days to file an amended complaint.

## **Conclusion**

For the reasons set forth above, Hall's application to proceed *in forma pauperis* (Doc. 1) is GRANTED, but I recommend that Hall's Complaint (Doc. 1-1) be DISMISSED without prejudice.  If this recommendation is adopted, I further recommend that Hall be granted 30 days from the date of the district court's action on this Report and Recommendation to file an amended complaint.  Failure to file an amended complaint within that time frame should result in the dismissal of the case with prejudice.

Dated at Burlington, in the District of Vermont, this 16th day of August, 2017.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).