UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jeffrey Hall,

      Plaintiff,

      v.                                        Civil Action No. 2:17–cv–139–wks–jmc

Andrew Cassidy,
Our House Restaurants,

      Defendants.

## REPORT AND RECOMMENDATION
(Docs. 6, 8)

Plaintiff Jeffrey Hall, proceeding *pro se*, commenced this civil action by filing an Application for Leave to Proceed *in forma pauperis,* together with a proposed complaint on July 27, 2017. (Doc. 1.) By Order dated August 16, 2017, *in forma pauperis* status was granted to Plaintiff. (Doc. 4.) In his Complaint, Hall sought to bring common law claims of assault and robbery against Defendants Andrew Cassidy and the "Our House Restaurant Owner's." (Doc. 5.) A Report and Recommendation was submitted to the presiding district judge recommending that the Complaint be dismissed under 28 U.S.C. § 1915(e)(2) for lack of subject-matter jurisdiction, as complete diversity of citizenship was lacking. (Doc. 4.) On September 7, 2017, United States District Judge William K. Sessions III issued an Order adopting the conclusions of the Report and Recommendation in full. The Complaint was dismissed without prejudice and Hall was granted 30 days to file an Amended Complaint. (Doc. 7.)

In apparent response to the Report and Recommendation, Hall filed a document on August 23, 2017, which he styles as "Complaint." (Doc. 6.) Therein, Hall renews his claim of assault and robbery, and adds a claim of false imprisonment[1] against Defendants. (*Id*.) Although the revised Complaint is not the picture of clarity, the claim against the restaurant appear to be brought under a theory of *respondeat superior*. On October 3, 2017 Hall filed another document entitled "Complaint for a civil case." (Doc. 8.) That second document is devoid of any substantive allegation.

The Clerk of the Court has docketed each document as an Amended Complaint. These two documents are now construed for purposes of this discussion as a unified Amended Complaint consistent with the September 27, 2017 Order. The Amended Complaint suffers from the same jurisdictional deficiencies originally identified in the Report and Recommendation. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), I recommend that the unified Amended Complaint be DISMISSED with prejudice.

## Analysis

In Hall's Amended Complaint, Hall again alleges that Defendant Andrew Cassidy, an employee of Our House Restaurant,[2] attacked him and stole his property. (Doc. 6 at 3.) Hall claims that, after the attack happened, Cassidy lied to

---

[1] Hall's new claim is presumed to be one of false imprisonment as Hall identifies it as "Fault's Imprisonment."

[2] Although named in the Complaint and Amended Complaint as Our House Restaurant/Wino Corporation, it appears that the actual business name is Our House Bistro.

the Winooski Police, which caused Hall to be falsely imprisoned. (*Id.*) Hall further asserts that during Cassidy's attack, he was experiencing a mental health episode. (*Id.*) Hall seeks $39,000 in damages from Cassidy for the assault, robbery, false imprisonment, and for "humiliat[ing and] embarrassing" him, and $75,000 in damages from Our House Restaurant for employing Andrew Cassidy. (*Id.* at 4.) On the cover page of the first document, Hall requests that this Court view the document as an Amended Complaint. (*Id.* at 1.)

The second document making up the Amended Complaint, titled "Complaint for a civil case" does not contain any factual allegations. (Doc. 8.) Instead, under the subtitle "Assaulted and Robbed," it merely lists the defendants and their alleged addresses. (Doc. 8 at 1–2.) Cassidy is described as living in Vermont and Our House Restaurant is located in Vermont and New York, according to Hall. (Doc. 8 at 1–2.)

Although couched in slightly different terms, the allegations in both documents of Hall's Amended Complaint substantially repeat his original Complaint. (*See generally* Docs. 5, 6.) As discussed below, the Amended Complaint should be dismissed for substantially the same reasons outlined in the prior Report and Recommendation. (*See generally* Doc. 4.) That is, this Court lacks subject-matter jurisdiction over Hall's Amended Complaint. (*See id.* at 3.)

Although *pro se* filings are "to be liberally construed . . . and . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a

3

district court may dismiss an *in forma pauperis* matter upon determining that the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Moreover, federal courts "have an independent obligation to consider the presence or absence of subject[-]matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts only have subject-matter jurisdiction over two types of cases: those raising a federal question or those invoking diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. "[T]he party asserting federal jurisdiction bears the burden of establishing jurisdiction" under one of these provisions. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). "A plaintiff properly invokes § 1331 [federal question] jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To raise a claim under diversity jurisdiction, § 1332 requires (in relevant part) that the amount in controversy in the case exceeds $75,000 and that the matter is "between . . . citizens of different States." 28 U.S.C. § 1332(a). Diversity means "complete diversity of citizenship"; in other words, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

4

In Hall's Amended Complaint, he alleges that he was falsely imprisoned as a result of Cassidy's actions and that Cassidy caused him emotional humiliation. (Doc. 6 at 3.) Like the assault and robbery claim in Hall's original Complaint, (*see* Doc. 5 at 2–3), both the false imprisonment claim and the intentional infliction of emotional distress claim are state law claims. Similarly, Hall's claim against Our House appears to rely on another state law action, the doctrine of *respondeat superior*. (Doc. 6 at 4.) Because these claims do not involve a federal question, this Court does not have jurisdiction under 28 U.S.C. § 1331. Nor does this Court have diversity jurisdiction under § 1332. According to the Amended Complaint, Hall and Cassidy both reside in Vermont. (Doc. 6 at 2; Doc. 8 at 1.) As described above, however, complete diversity is required between Hall and both defendants and complete diversity is not alleged. Further, although Hall now claims in the Amended Complaint that Our House Restaurant is located in New York, he does not indicate that Our House's principal place of business and state of incorporation are located in New York or another state other than Vermont. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."). In fact, he continues to maintain that Our House is also located in Vermont. (Doc. 6 at 2; Doc. 8 at 2.); *see Fine v. Delalande, Inc.*, 545 F. Supp. 275, 275 (S.D.N.Y. 1982) (concluding that diversity did not exist where corporation's principal place of business was in the same state where 11 plaintiffs were citizens). Accordingly, the

5

Court lacks subject-matter jurisdiction over Hall's Amended Complaint (Docs. 6, 8) and it should be DISMISSED.

Given that Hall has already been granted leave to amend and that his Amended Complaint failed to correct the jurisdictional defects identified in this Court's prior Order, the dismissal should be with prejudice. *See John Birch Soc. v. Nat'l Broad. Co.,* 377 F.2d 194, 199 (2d Cir. 1967) ("The proposed amended pleading failed to correct the deficiencies in the jurisdictional allegations relating to the plaintiffs and the defendant . . . .  The complaint must therefore be dismissed for lack of subject[-]matter jurisdiction.").

## Conclusion

For the foregoing reasons, I recommend that Hall's Amended Complaint (Docs. 6, 8) be DISMISSED for lack of subject-matter jurisdiction, with prejudice.

Dated at Burlington, in the District of Vermont, this 31st day of October 2017.

/s/ John M. Conroy      
John M. Conroy  
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).